**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**TERENCE L. THOMAS,**

   **Plaintiff,**

   v.          **CASE NO.  22-3021-SAC**

**UNITED STATES OF AMERICA,**
**et al.,**

   **Defendants.**

**MEMORANDUM AND ORDER**
**AND ORDER TO SHOW CAUSE**

  Plaintiff Terence L. Thomas is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

  Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is incarcerated at Devens-FMC in Ayer, Massachusetts.  The Court granted Plaintiff leave to proceed *in forma pauperis*.

  Plaintiff's Complaint is based on his criminal proceedings which began in May 2016. *See United States v. Thomas*, Case No. 16-cr-10034-EFM (D. Kan.).  Plaintiff alleges that he attempted to assert his rights and religious beliefs regarding sovereignty and was not allowed to proceed and was threatened with contempt.  Plaintiff claims he was coerced and under duress when he pleaded guilty.  Plaintiff alleges that he received an invalid upward departure on his

---

[1] The Court notes that civil rights actions against federal defendants are brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992).

sentence. He also claims his appointed attorney did not file an appeal as Plaintiff requested. Plaintiff also claims that he lost good conduct time, was denied due process, and was forcibly medicated at Devens-FMC. Plaintiff also takes issue with his juvenile criminal proceedings and sentence. The remainder of Plaintiff's Complaint is largely incomprehensible and appears to reassert his sovereignty arguments.

Plaintiff names as defendants: the United States of America; Magistrate Judge Gwen E. Birzer; Sentencing Judge Eric F. Melgren; Appointed Attorney David Freund; Jason Hart, Lead Attorney for the United States; Juvenile/Adult Sentencing Judge Benjermin Burgess; Head U.S. Marshal Troy Doe; and Amy Boncher, FMC Devens Warden.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are

insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Claims Regarding Criminal Conviction/Sentence

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed.  *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010).  This remedy is normally the only means to challenge a federal conviction after the direct appeal is resolved.  *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).  In fact, Plaintiff has challenged his federal conviction and sentence pursuant to a § 2255 motion in his criminal case.  *See United States v. Thomas*, Case No. 16-cr-10034-EFM (D. Kan.) (Doc. 45:  denying § 2255 motion based on similar claims); (Doc. 54: Tenth Circuit Court of Appeals decision dismissing appeal and denying a certificate of appealability).  Any challenge to his conviction or sentence is not cognizable in this civil rights action.

Before a plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994). If a plaintiff has been convicted and a judgment on plaintiff's claim would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.  In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless

the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.   In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.

"Though *Heck* dealt with only § 1983 actions, the doctrine has since been expanded . . . [and] now applies to both state and federal officials, meaning it applies both to § 1983 claims and to *Bivens* claims."  *Coleman v. United States Dist. Court of New Mexico*, 678 F. App'x 751, 754 (10th Cir. 2017) (unpublished) (citations omitted).  Plaintiff has not alleged that his conviction or sentence has been invalidated.  Plaintiff should show good cause why his claims regarding his criminal case should not be dismissed as improperly raised in this civil rights case.

### 2. Immunity

Plaintiff names judges, a prosecutor, and his defense counsel as defendants.  Any claim Plaintiff may have against the prosecutor would fail on the ground of prosecutorial immunity.  Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.

Plaintiff also names his state court and federal court judges as defendants.  State court judges are entitled to personal immunity.  "Personal immunities . . . are immunities derived from common law which attach to certain governmental officials in order that they not be inhibited from 'proper performance of their duties.'"  *Russ v. Uppah*, 972 F.2d 300, 302–03 (10th Cir. 1992) (citing *Forrester v. White*, 484 U.S. 219, 223, 225 (1988)).  A state judge is absolutely

immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).  Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity.  *Stump*, 435 U.S. at 356–57.  Plaintiff alleges no facts whatsoever to suggest that the defendant judge acted outside of his judicial capacity.

The federal judges are likewise entitled to immunity.  The Tenth Circuit in *Peterson v. Timme*, held that the claims asserted against a federal judge were precluded by the doctrines of sovereign and judicial immunity.  *Peterson v. Timme*, 621 F. App'x 536, 540 (10th Cir. 2015) (unpublished).  The Tenth Circuit held that "[s]overeign immunity divests the court of jurisdiction to entertain any official-capacity claims[,] . . . [j]udicial immunity shields the judge from any individual-capacity claims for money damages, and injunctive relief is unavailable because [plaintiff] complains of acts that were subject to appellate review."  *Id.*; *see also Falice v. United States*, Case No. CIV-16-1204-HE, 2016 WL 7187505, at n.7 (W.D. Okla. Oct. 25, 2016) (noting that *Peterson* addressed judicial immunity for *Bivens* claim seeking monetary damages and recognizing "colorable argument" that immunity extends to claim for injunctive relief); *Mehdipour v. Purcell*, 173 F. Supp. 2d 1165, 1167 (W.D. Okla. 2001), *aff'd sub nom. Mehdipour v. Okla. Court of Civil Appeals*, 62 F. App'x 203 (10th Cir. 2003) (unpublished)), *cert. denied* 540 U.S. 1056 (2003) ("Without any Supreme Court or Tenth Circuit case to the contrary and in reliance upon decisions from the Sixth, Ninth, and Eleventh Circuits, this court holds that federal judges are absolutely immune from equitable relief under *Bivens*.") (citations omitted); *Grigsby v. Marten*, Case No. 15-3282-SAC-DJW, 2016 WL 2941387, at *2 (D. Kan.

May 20, 2016) (stating that the court is of the opinion that the doctrine of absolute judicial immunity protects federal judges from injunctive relief and that the relief sought is not properly litigated in a civil rights complaint); *Woods v. Osburn*, Case No. 12-3094-SAC, 2018 WL 10152550, at *2 (D. Kan. Dec. 11, 2018) (to the extent claim against federal judge may be construed as a civil rights claim arising under *Bivens*, the claim is barred by absolute judicial immunity and *Heck v. Humphrey*).

Plaintiff has not shown that his defense attorney was acting under color of state law as required under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)). A criminal defense attorney does not act under color of state even when the representation was inadequate. *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983).

### 3. Conditions at Devons-FMC

Plaintiff also makes claims regarding his conditions at Devons-FMC. Plaintiff previously brought an action in this Court against the Warden and other staff at Devons-FMC. *See Thomas v. United States*, Case No. 21-3059-SAC (D. Kan.). The Court dismissed that case, finding that the District of Kansas was not a proper venue for his claims because no defendant resides in the District of Kansas, nor did any of the events giving rise to his claims occur in the District of

Kansas.  *Id*. at Doc. 10.  That decision was affirmed by the Tenth Circuit Court of Appeals.  *Id*. at Doc. 19.

Any claims Plaintiff believes he has regarding his conditions of confinement at Devons-FMC should be brought in that district.  Likewise, to the extent Plaintiff challenges his loss of good conduct time at Devons-FMC, such a claim must be brought pursuant to a petition under 28 U.S.C. § 2241 in the district of confinement.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **March 1, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated February 9, 2022, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**