IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TERENCE L. THOMAS,**

    **Plaintiff,**

    v.                                            CASE NO. 22-3021-SAC

**UNITED STATES OF AMERICA,**
**et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is incarcerated at Devens-FMC in Ayer, Massachusetts. The Court granted Plaintiff leave to proceed *in forma pauperis*. On February 9, 2022, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's Response (Docs. 5, 6).

Plaintiff's Complaint is based on his criminal proceedings which began in May 2016. *See United States v. Thomas*, Case No. 16-cr-10034-EFM (D. Kan.). Plaintiff alleges that he attempted to assert his rights and religious beliefs regarding sovereignty and was not allowed to proceed and was threatened with contempt. Plaintiff claims he was coerced and under duress when he pleaded guilty. Plaintiff alleges that he received an invalid upward departure on his sentence. He also claims his appointed attorney did not file an appeal as Plaintiff requested. Plaintiff also claims that he lost good conduct time, was denied due process, and was forcibly

---

[1] The Court notes that civil rights actions against federal defendants are brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).

medicated at Devens-FMC. Plaintiff also takes issue with his juvenile criminal proceedings and sentence. The remainder of Plaintiff's Complaint is largely incomprehensible and appears to reassert his sovereignty arguments.

Plaintiff names as defendants: the United States of America; Magistrate Judge Gwen E. Birzer; Sentencing Judge Eric F. Melgren; Appointed Attorney David Freund; Jason Hart, Lead Attorney for the United States; Juvenile/Adult Sentencing Judge Benjermin Burgess; Head U.S. Marshal Troy Doe; and Amy Boncher, FMC Devens Warden.

The Court found in the MOSC that a federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a), and this remedy is normally the only means to challenge a federal conviction after the direct appeal is resolved. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). In fact, Plaintiff has challenged his federal conviction and sentence pursuant to a § 2255 motion in his criminal case. *See United States v. Thomas*, Case No. 16-cr-10034-EFM (D. Kan.) (Doc. 45: denying § 2255 motion based on similar claims); (Doc. 54: Tenth Circuit Court of Appeals decision dismissing appeal and denying a certificate of appealability). Any challenge to his conviction or sentence is not cognizable in this civil rights action.

Before a plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If a plaintiff has been convicted and a judgment on plaintiff's claim would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.

"Though *Heck* dealt with only § 1983 actions, the doctrine has since been expanded . . . [and] now applies to both state and federal officials, meaning it applies both to § 1983 claims and to *Bivens* claims."  *Coleman v. United States Dist. Court of New Mexico*, 678 F. App'x 751, 754 (10th Cir. 2017) (unpublished) (citations omitted).  The Court found in the MOSC that Plaintiff has not alleged that his conviction or sentence has been invalidated.

The Court also found that the judges and prosecutor named as defendants are entitled to immunity.  In addition, Plaintiff's claims against his defense attorney fail to show that he was a federal officer acting under color of federal law.  Courts have recognized that a private attorney, appointed by a state court, is not a state actor for purposes of § 1983.  *Allred v. McCaughey*, 257 F. App'x 91, 92–93 (10th Cir. 2007) (unpublished) (citations omitted).  "By analogy, an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action."  *Id*. at 93 (quoting *Haley v. Walker,* 751 F.2d 284, 285 (8th Cir. 1984); and citing *Weaver v. Frick,* No. 98–15362, 1999 WL 191413, at *1 (9th Cir. Mar. 15, 1999) ("[A]n attorney appointed by the court does not act under color of state or federal law when performing the traditional functions of counsel to a criminal defendant."); *Anderson v. Sonenberg,* Nos. 96–5192, 96–5308, 1997 WL 196359, at *1 (D.C. Cir. Mar.13, 1997) ("[P]ublic defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of *Bivens*.");

*Bradford v. Shankman,* No. 85–5150, 1985 WL 13659, at *1 (6th Cir. Aug.12, 1985) ("[A] private attorney and a federal public defender do not act under color of federal law for purposes of a *Bivens* action."); *cf. Davis v. United States,* No. CIV–06–1376–C, 2007 WL 983206, at *6 (W.D. Okla. Mar. 29, 2007) (holding a federal public defender is not a federal officer for purposes of a *Bivens*-type action)).

The Court also found that Plaintiff's claims regarding his conditions at Devens-FMC were not properly before the Court. Plaintiff previously brought an action in this Court against the Warden and other staff at Devens-FMC. *See Thomas v. United States*, Case No. 21-3059-SAC (D. Kan.). The Court dismissed that case, finding that the District of Kansas was not a proper venue for his claims because no defendant resides in the District of Kansas, nor did any of the events giving rise to his claims occur in the District of Kansas. *Id*. at Doc. 10. That decision was affirmed by the Tenth Circuit Court of Appeals. *Id*. at Doc. 19. Therefore, the Court found in the MOSC that any claims Plaintiff believes he has regarding his conditions of confinement at Devens-FMC should be brought in that district. Likewise, to the extent Plaintiff challenges his loss of good conduct time at Devens-FMC, such a claim must be brought pursuant to a petition under 28 U.S.C. § 2241 in the district of confinement.

Plaintiff's Response fails to address the deficiencies set forth in the MOSC. Plaintiff acknowledges that the Devens-FMC Warden and the federal prosecutor should be dismissed.[2] (Doc. 5, at 7–8.) Plaintiff sets forth general statements regarding the law, and then continues to challenge his criminal conviction and to seek release. Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

---

[2] Plaintiff continues to attach documentation relating to his medical care at Devens-FMC. *See* Doc. 5–1, at 10-13; Doc. 6, at 2–5.

To the extent Plaintiff seeks a transcript from his criminal case, the request is denied. The docket in his criminal case (16-cr-10034-EFM) does not reflect that a transcript has been prepared and filed.  The Court will direct the Clerk to provide Plaintiff with a copy of the docket sheet in Case No. 16-cr-10034-EFM.  If there is a particular proceeding Plaintiff would like transcribed, he should contact the court reporter assigned to that proceeding.  If Plaintiff would like copies of any other documents in the case, such a request should be made to the Clerk and will include a charge of $0.10 per page.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk shall provide Plaintiff with a copy of the docket sheet in Case No. 16-cr-10034-EFM.

**IT IS SO ORDERED**.

**Dated March 22, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**