IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TERENCE L. THOMAS,**

    **Plaintiff,**

    v.                                              CASE NO. 22-3021-SAC

**UNITED STATES OF AMERICA,**
**et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

On March 22, 2022, the Court entered a Memorandum and Order (Doc. 7) ("M&O") dismissing this *pro se* civil rights action for failure to state a claim. This matter is before the Court on Plaintiff's motion (Doc. 9) seeking to amend or correct his response to the Court's Memorandum and Order and Order to Show Cause at Doc. 4 ("MOSC").

The Court found in the M&O that Plaintiff's Complaint is based on his criminal proceedings which began in May 2016. *See United States v. Thomas*, Case No. 16-cr-10034-EFM (D. Kan.). The Court found that a federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a), and this remedy is normally the only means to challenge a federal conviction after the direct appeal is resolved. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). In fact, Plaintiff has challenged his federal conviction and sentence pursuant to a § 2255 motion in his criminal case. *See United States v. Thomas*, Case No. 16-cr-10034-EFM (D. Kan.) (Doc. 45: denying § 2255 motion based on similar claims); (Doc. 54: Tenth Circuit Court of Appeals decision dismissing appeal and denying a certificate of appealability). The Court found that any challenge to his conviction or sentence is not cognizable in this civil rights action.

The Court also found that any request for monetary damages was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); the judges and prosecutor named as defendants are entitled to immunity; and Plaintiff's claims against his defense attorney fail to show that he was a federal officer acting under color of federal law.

Plaintiff's motion to amend his response to the Court's MOSC continues to make arguments about the prosecutor and defense counsel in his criminal proceedings and continues to request to have his sentence reversed.  (Doc. 9, at 2–3.)    These arguments were addressed in the MOSC and in the M&O.  Nothing in Plaintiff's amended response would alter the Court's decision to dismiss this case for failure to state a claim.

Plaintiff is likewise not entitled to relief if the Court considers his motion as a motion for reconsideration.  Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."  D. Kan. Rule 7.3(a).  Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can  establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). Plaintiff continues to rehash his previous arguments. In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its March 22, 2022 Memorandum and Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion (Doc. 9) is **denied.** This case remains closed.

**IT IS SO ORDERED**.

**Dated April 19, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**